IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 22-cv-02309-REB
(Bankruptcy No. 17-14499 MER - Chapter 11)
(Adv. Proc. Nos. 19-1121 MER and 21-1129 MER)

In re:

RICHARD D. VAN LUNEN CHARITABLE FOUNDATION,

    Debtor.

JAMES ACHTERHOF,

    Appellant,

v.

ROBERTSON B. COHEN, Liquidating Trustee, and
CCIC I, LLC,

    Appellees.

## ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL

**Blackburn, J.**

This matter is before me on the **Motion for Interlocutory Appeal** [#1][1] filed September 7, 2022. Appellee, CCIC I LLC (CCIC), filed a response [#11]. Appellee, Robertson B. Cohen, liquidating trustee of the Richard D. Van Lunen Charitable Foundation Liquidating Trust, filed responses [#10 & #13], which are duplicates of each other. In resolving the motion, I rely on the response at [#13]. The appellant filed a reply [#14]. I deny the motion.

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I.  BACKGROUND

On May 16, 2017, the debtor, the Richard D. Van Lunen Charitable Foundation, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, under bankruptcy case number 17-14499 MER.  On March 19, 2019, the Plan was confirmed in the **Order Confirming Modified Joint Chapter 11 Plan of Reorganization** [#358-bankr. ct.] (Confirmation Order).  The Confirmation Order provides: "On the Effective Date of the Plan, all Assets shall vest in the Liquidating Trust and be turned over to the Liquidating Trust by the Debtor free and clear of all liens, Claims, Interests, and any other rights, obligations, or interests of any Person in, to or upon the Assets." *Confirmation Order* [#358-bankr. ct.] at ¶ 13. The Confirmation Order also requires: "[i]n accordance with the Plan, on or before the Effective Date, the Liquidating Trustee and the Debtor shall execute, and the Liquidating Trustee shall file with the Court the Liquidating Trust Agreement for the Liquidating Trust on behalf of the Debtor." *Id*. at ¶ 14.

The fully executed Richard D. Van Lunen Charitable Foundation Liquidating Trust Agreement (Trust Agreement) was timely filed on April 2, 2019 [#372 - bankr. ct.]. Robertson B. Cohen was appointed as Trustee of the Richard D. Van Lunen Charitable Foundation Liquidating Trust (Liquidating Trust) under the confirmed Plan.  The appellant, James Achterhof, in his capacity as the debtor's representative, signed the Trust Agreement.

In the midst of various litigation commenced by the Trustee against Mr. Achterhof and other defendants, as authorized by the Plan, Confirmation Order, and Trust Agreement, Mr. Achterhof and McLeod Brock, LLC filed their **Motion to Dismiss All Adversary Proceedings and Contested Matters as Moot** [#625-bankr. ct., filed

2

August 16, 2021]. In the motion to dismiss, Mr. Achterhof argued the liquidating trust had terminated. As a result, Mr. Achterhof and McLeod Brock argued that the Trustee no longer was authorized to pursue litigation against them. Mr. Achterhof and McLeod Brock relied on a sentence in § 5.12 of the Trust Agreement, which provided that the term of the Trust shall not exceed one year from the "Effective Date" unless the Court approves an extension. One year from the Effective Date was April 3, 2020. *Order* [#372 - bankr. ct.], p. 6. The Trustee filed a **Motion by Liquidating Trustee to Extend Alleged Liquidating Trust Termination Date or Amend Liquidating Trust Agreement** [#637-bankr. ct.], filed August 30, 2021. The parties filed responses and objections to both motions.

On August 25, 2022, the bankruptcy court entered an order denying the motion to dismiss and granting the motion to extend the termination date. *Order* [#372 - bankr. ct.]. The bankruptcy court noted that the dispute between the parties "centers on two key provisions of the Trust Agreement governing termination of the Liquidating Trust," Sections 5.11 and 5.12. *Order* [#372 - bankr. ct.], pp. 3-4. The court noted that the Liquidating Trust Agreement was governed by Colorado law and shall be construed and interpreted in accordance with the law of the state of Colorado. *Id*. at 4, n. 19. The bankruptcy court found it is undisputed that the Trustee had not completed the duties outlined in the Plan and Trust agreement. *Id*. at 6.

The bankruptcy court construed the Plan and the Trust Agreement together, and applied the relevant provisions of Colorado law. Based on a detailed analysis, the bankruptcy court concluded, *inter alia*: (1) "(R)egardless of passage of the one-year anniversary date, the Trust has not terminated"; (2) "Because the Trust has not terminated, the Trustee has not been discharged of his obligations under the Trust

3

Agreement"; (3) "Even if the Court were to conclude the Trust terminated on April 3, 2020, the Court would nevertheless allow the Trustee to exercise windup powers commensurate with those provided in the Trust Agreement;" and (4) "To adopt the Movants' interpretation would allow one provision of the Trust Agreement - the one-year initial term limit - to defeat the Trust's entire purpose, to the detriment of beneficiaries. It would also frustrate the purpose of the Plan." *Order* [#372 - bankr. ct.], pp. 10-11, 13.

Seeking to appeal the order of the bankruptcy court, Mr. Achterhof then filed his **Motion for Interlocutory Appeal** [#1] and proposed **Notice of Appeal and Statement of Election** [#2]. He acknowledges that his appeal is an interlocutory appeal. He seeks authorization for his appeal to proceed on an interlocutory basis under 28 U.S.C. § 158(a)(1). He does not seek permission to pursue an interlocutory appeal under the collateral order doctrine.

## II.  STANDARD OF REVIEW

Under Title 28 United States Code § 158(a)(1), the district courts of the United States have jurisdiction to hear appeals of final judgments, orders, and decrees of bankruptcy judges entered in cases referred to the bankruptcy court. With leave of the district court, a district court may hear appeals of "other interlocutory orders and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(3).

> Section 158(a)(3) provides no guidelines as to when it is appropriate for a district court or a bankruptcy appellate panel to grant leave to bring an interlocutory appeal. The majority of these reviewing courts, including this Court, have read the requirements of [28 U.S.C.] § 1292, which govern interlocutory appeals from the district court to the circuit court, into § 158(a)(3). Under § 1292, an interlocutory appeal is appropriate when the appealed order involves a controlling question of law for which there is substantial ground for difference of opinion, and the immediate resolution of the issue will materially advance the ultimate termination of the

4

> litigation. However, leave should be granted "with discrimination and reserved for cases of exceptional circumstances." Appellant has the burden to show that the bankruptcy court's Order meets these standards.

***In re Fox***, 241 B.R. 224, 232 (10th Cir. BAP 1999) (citations omitted).

Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

Given the terms of § 1292(b), four criteria must be met before an issue may be certified for interlocutory appeal: (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation. ***Ahrenholz v. Bd. of Trs. of the Univ. of Ill.***, 219 F.3d 674, 676 (7th Cir.2000); ***In re Grand Jury Proceedings June 1991***, 767 F.Supp. 222, 223 (D. Colo. 1991). "These criteria are conjunctive, not disjunctive. The proponent of an interlocutory appeal bears the burden of establishing that all three of the substantive criteria are met." ***Freedom Transportation, Inc. v. Navistar International Corporation***, 2020 WL 108670, at *2 (D. Kan. 2020).

While I have discretion in determining whether to certify an order for interlocutory appeal under § 1292(b), ***see Swint v. Chambers County Commission***, 514 U.S. 35, 47 (1995), certification should be reserved for rare and extraordinary cases. ***State of Utah by and through Utah State Department of Health v. Kenecott Corp.***, 14 F.3d 1489, 1495 (10th Cir.), ***cert. denied***, 513 U.S. 872 (1994).

> The phrase "question of law" as used in 28 U.S.C. § 1292(b) does not refer to a particular application of facts to the law, but rather "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." ***Ahrenholz v. Bd. of Trs. of the Univ. of Ill.***, 219 F.3d 674, 676 (7th Cir.2000). Such questions typically involve law that is unsettled. ***See Gillespie v. U.S. Steel Corp.***, 379 U.S. 148, 168 n. 4 (1964) (approving district court's denial of certification when the Supreme Court had previously directly addressed the law in question); 28 U.S.C. § 1292(b) (requiring there be a substantial ground for difference of opinion on the controlling question of law). Consequently, for the purposes of 28 U.S.C. § 1292(b), district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation.

***Certain Underwriters at Lloyd's, London, Subscribing To Policy Number 501/NM03ACMB v. Nance***, 2006 WL 4109675, at *3 (D.N.M. 2006).

### III. ANALYSIS

Without question, the order [#372-bankr. ct.] of the bankruptcy court which Mr. Achterhof seeks to challenge does not satisfy these requirements. Mr. Achterhof concedes, correctly, that his proposed appeal is an interlocutory appeal. A bankruptcy case is a civil action. However, the proposed interlocutory appeal of Mr. Achterhof does not satisfy the three substantive requirements necessary to permit an interlocutory appeal.

**(1) Controlling question of law** - Mr. Achterhof says the issue he presents is whether the bankruptcy court erred in denying his motion to dismiss "given the Liquidating Trust terminated and the Liquidating Trustee was discharged under the express terms of the Liquidating Trust Agreement." *Motion* [#1], p. 3. Of course, this framing of the issue assumes Mr. Achterhof is correct about the status of the trust when he filed his motion to dismiss in the bankruptcy court. Actually, the issue is whether or not the bankruptcy court was correct in determining that the trust had not terminated

and may be extended. The bankruptcy court's analysis of this issue required examination of the terms of the Trust Agreement, the Plan, the purposes of both the Plan and the Trust Agreement, and relevant Colorado law.

As noted above, the phrase "question of law," as used in 28 U.S.C. § 1292(b), does not refer to a particular application of facts to the law, but rather "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." **Ahrenholz v. Bd. of Trs. of the Univ. of Ill.**, 219 F.3d 674, 676 (7th Cir.2000). "The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Id*. at 677. "(T)he question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind . . . ." *Id*. at 676. "Question of law" means an abstract legal issue. *Id*. at 677.

The challenged order of the bankruptcy court involves the application of law to a particular set of facts. It also involves interpretation of the terms of the Plan and the Trust Agreement, similar to the interpretation of a contract. That interpretation involves determining the meaning and application of the terms of the Plan and the Trust Agreement. The issue presented by Mr. Achterhof is not a "question of law," as that term is used in § 1292(b). Incorporating the § 1292(b) requirements into § 158(a)(3), Mr. Achterhof has not satisfied the controlling question of law requirement.

Absent a controlling question of law, there is no need to analyze the other factors because all of the statutory factors must be shown to permit an interlocutory appeal. Nevertheless, I will address the other factors briefly.

**(2) Substantial ground for difference of opinion** - The ability to show a substantial ground for difference of opinion depends on proof of a controlling issue of law. *See Pack v. Investools, Inc.*, 2011 WL 2161098 at *2 (D. Utah June 1, 2011). These two issues go hand in hand. Absent a controlling question of law, Mr. Achterhof cannot show a substantial ground for a difference of opinion on a controlling issue of law.  Further, the fact that other courts have reached various results in roughly similar cases involving different factual scenarios does not create a substantial ground for difference of opinion.  *Id*.  Highlighting the application of the same law or similar law to different facts by other courts does not show a substantial ground for difference of opinion.  *Id*.

**(3) Material advancement of termination of litigation** - An interlocutory appeal in this case will materially advance the termination of the litigation only if Mr. Achterhof is correct that the bankruptcy court erred in determining that the trust had not terminated and may be extended.  Having reviewed the order [#372-bankr. ct.] of the bankruptcy court and the other relevant parts of the record, I find it is unlikely that an appellate court would conclude that the bankruptcy court erred.  Thus, permitting an interlocutory appeal likely will further delay this litigation rather than advance termination of the litigation.

### IV.  CONCLUSION & ORDERS

The movant, James Achterhof, has not established the requisite criteria necessary to permit him to pursue an interlocutory appeal under 28 U.S.C. § 158(a)(3).  His **Motion for Interlocutory Appeal**  [#1] must be denied.

**THEREFORE, IT IS ORDERED** as follows:

8

1. That under 28 U.S.C. § 158(a)(3), the **Motion for Interlocutory Appeal** [#1] is denied; and

2. That this bankruptcy appeal, Civil Action No. 22-cv-02309-REB, is closed.

Dated July 24, 2023, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge